C. K. LOGAN, Jr., Appellant,

v.

FOUNDERS NATIONAL BANK OF OKLA-HOMA CITY, OKLAHOMA, Appellee.

No. 11696.

Court of Civil Appeals of Texas.

Austin.

July 16, 1969.

Jack W. Prescott, Temple, for appellant.

Taylor & Taylor, Henry Taylor, Jr., Temple, for appellee.

O'QUINN, Justice.

Appellee bank brought this suit to collect an unpaid balance on a promissory note made by appellant and one other person. Appellant defended under pleadings that the bank had been fully paid.

The note sued on, in the sum of $1,520 and bearing interest at eight percent per annum, was given in payment of interest that would accrue on a $10,000 note of Capitol Contracts Company, Inc., held by the bank, which appellant executed as president of the corporation and also personally endorsed. The bank sued for a balance of $602.93 on the note given for interest.

At the trial, which was before the court without a jury, appellant showed that the corporation, following a disasterous fire, went through bankruptcy proceedings in the course of which the trustee paid the bank its $10,000 note, together with $1,611.53 interest and $750 attorney's fees. Out of the interest money, the bank paid $1,401 to its attorney, and did not credit the payment on the $1,520 note appellant had given to pay interest, although requested to do so by appellant.

The trial court heard testimony regarding oral arrangements between the bank and appellant under which appellant purportedly undertook to bear all expenses, including attorney's fees, connected with the bankruptcy claim prosecuted by the bank. The bank did not file a trial amendment, nor were there other pleadings in support of the bank's claim growing out of these oral transactions.

When the bank's counsel sought to introduce copies of letters from the bank president to appellant, presumably setting out the separate oral transactions related to paying the bank's expenses, counsel for appellant objected "because they are self-serving and one-sided, hearsay." The bank's counsel said, "Then we will withdraw them, your honor." The trial court replied, "I am going to overrule both of your objections." The copies were not thereafter introduced, but were received and examined by the court.

The trial court entered judgment against appellant in the amount of $387.04. The court arrived at this amount through calculations made from figures mentioned in the testimony and from figures found in copies of the bank's letters to appellant which are not in evidence.

We reverse the judgment of the trial court and render judgment for the appellant.

The president of the bank admitted at the trial that the interest the trustee in bankruptcy paid the bank, amounting to $1,611.53, was more than enough to discharge the interest note appellant had made. The president testified that the bank did not credit appellant with payment of the interest, but instead paid $1,401 of the funds to the bank's attorney. This was done on the theory that appellant had orally agreed to pay the bank's expenses, including attorney's fees, incurred in making the claim in bankruptcy. In its "amended proof of claim" which the bank filed with the referee, the bank stated that the trustee's check "in the amount of $11,-611.53" represented "payment of claim 2–B insofar as the principal amount of the indebtedness [$10,000] and the interest [$1,-61.53] are concerned."

The evidence shows that the note sued on was given to pay interest to accrue on the $10,000 note. The effect of the bank's action, in refusing to apply the interest pay-

**612**

ment to appellant's note, was to substitute appellant's written obligation, evidenced by the note, for oral obligations the bank claimed appellant had assumed to pay the bank's expenses in the bankruptcy matter. When the trustee paid the interest, which the bank acknowedged as such, the trustee not only stood in the shoes of the bankrupt but also was acting for the creditors, in-including the bank. By making the payment of $1,611.53 as interest, the trustee impliedly directed application of the payment to interest. At the same time the trustee paid the interest he also paid the principal and attorney's fees amounting to $750. When the bank applied the bulk of the $1,-611.53 to payment of its attorney, the bank disregarded the trustee's directions for payment of the interest, which it had no right to do.

By attempting to substitute a written obligation, which was drawing interest at the rate of eight percent, for an oral commitment in an indefinite amount to defray expenses of pressing the bankruptcy claim, a pursuit as much for benefit of the bank as for appellant, the bank made an application of earmarked funds that does not accord with justice and equity in this case.

Under the pleadings, we conclude that appellant proved payment by the trustee's discharge of both principal and interest of the $10,000 note.

There is no contention that the bank was entitled to any interest in excess of the payment received from the trustee. If the bank had applied the trustee's payment of interest to appellant's interest note, the bank would not have been denied any of its interest on the $10,000 note. The result would have been simply to relegate the bank, for recovery of its expense money, to a suit other than one for recovery on a promissory note bearing eight percent interest.

The judgment of the trial court is reversed and judgment is here rendered that the bank take nothing by its suit against appellant on the note.